**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAMONT L. BIENVENUE, | ) Case No. CV 12-0273-JST (JPR) |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE |
| vs. | ) |
| ANTHONY HEDGEPETH et al. | ) |
| Respondent. | ) |

    On January 11, 2012, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 12, 2012, the Court dismissed the Petition with leave to amend, for two reasons: (1) the Petition form omitted necessary information and included contradictory information, and (2) Petitioner did not set forth any grounds for relief. The Court gave Petitioner until February 13, 2012, to file a First Amended Petition. On February 15, 2012, Petitioner did so, along with a motion to stay and abey the federal Petition in order to return to state court to exhaust his remedies.

    Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state

court.[1]  Exhaustion requires that Petitioner's contentions were fairly presented to the state courts and disposed of on the merits by the highest court of the state.  See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994).  As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  See Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203, 71 L. Ed. 2d 379 (1982).  A federal court may raise the failure-to-exhaust issue sua sponte and may summarily dismiss on that ground.  See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992); see also Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 1675, 95 L. Ed. 2d 119 (1987).

In section seven of the First Amended Petition, Petitioner has checked boxes indicating that none of the three asserted claims for relief was ever raised in any state court proceeding (see Pet. at 5-6); it is undoubtedly for that reason that Petitioner separately has filed a motion seeking to stay this Petition and hold it in abeyance while he exhausts his remedies in state court.

In certain "limited circumstances," a district court may stay a "mixed" petition – that is, one raising both exhausted and unexhausted claims – and hold it in abeyance while the petitioner

---

[1] A habeas petition "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

returns to state court to exhaust unexhausted claims.  See <u>Rhines v. Weber</u>, 544 U.S. 269, 277, 125 S. Ct. 1528, 1535, 161 L. Ed. 2d 440 (2005).  Fully unexhausted petitions, however – those in which none of the claims have ever been presented to the state supreme court – may not be stayed and held in abeyance.  See <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) (decided after <u>Rhines</u>).  Rather, they must be dismissed.  See <u>id.</u>; <u>Jiminez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001) (dismissing fully unexhausted petition raising ineffective assistance of counsel and other claims); <u>see also</u> <u>Roberts v. McDonald</u>, EDCV 10-873-AHM (FFM), 2010 WL 2539762, at *3 n.2 (C.D. Cal. June 17, 2010) (same, following <u>Rasberry</u>).

IT THEREFORE IS ORDERED that on or before **March 21, 2012**, Petitioner shall show cause in writing why the Court should not recommend that Petitioner's stay-and-abey motion be denied and this action be dismissed without prejudice for failure to exhaust state remedies.

DATED: <u>February 21, 2012</u>

_____
JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE