1

2

3

4

5

6

7

8                         **UNITED STATES DISTRICT COURT**

9                         **CENTRAL DISTRICT OF CALIFORNIA**

10

11 LAMONT L. BIENVENUE,      ) Case No. CV 12-0273-JST (JPR)
                               )

12             Petitioner,  )
                               ) ORDER TO SHOW CAUSE

13            vs.           )
                               )

14 ANTHONY HEDGEPETH et al.   )
                               )

15            Respondent.  )
                               )

16 _____

17     On January 11, 2012, Petitioner filed a petition for writ of

18 habeas corpus pursuant to 28 U.S.C. § 2254.  On January 12, 2012,

19 the Court dismissed the Petition with leave to amend, for two

20 reasons: (1) the Petition form omitted necessary information and

21 included contradictory information, and (2) Petitioner did not

22 set forth any grounds for relief.  The Court gave Petitioner

23 until February 13, 2012, to file a First Amended Petition.  On

24 February 15, 2012, Petitioner did so, along with a motion to stay

25 and abey the federal Petition in order to return to state court

26 to exhaust his remedies.

27     Under 28 U.S.C. § 2254(b), habeas relief may not be granted

28 unless a petitioner has exhausted the remedies available in state

1  court.[1]  Exhaustion requires that Petitioner's contentions were

2  fairly presented to the state courts and disposed of on the

3  merits by the highest court of the state.  See James v. Borg, 24

4  F.3d 20, 24 (9th Cir. 1994).  As a matter of comity, a federal

5  court will not entertain a habeas corpus petition unless the

6  petitioner has exhausted the available state judicial remedies on

7  every ground presented in the petition.  See Rose v. Lundy, 455

8  U.S. 509, 518, 102 S. Ct. 1198, 1203, 71 L. Ed. 2d 379 (1982).  A

9  federal court may raise the failure-to-exhaust issue sua sponte

10  and may summarily dismiss on that ground.  See Stone v. San

11  Francisco, 968 F.2d 850, 856 (9th Cir. 1992); see also Granberry

12  v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 1675, 95 L. Ed.

13  2d 119 (1987).

14       In section seven of the First Amended Petition, Petitioner

15  has checked boxes indicating that none of the three asserted

16  claims for relief was ever raised in any state court proceeding

17  (see Pet. at 5-6); it is undoubtedly for that reason that

18  Petitioner separately has filed a motion seeking to stay this

19  Petition and hold it in abeyance while he exhausts his remedies

20  in state court.

21       In certain "limited circumstances," a district court may

22  stay a "mixed" petition – that is, one raising both exhausted and

23  unexhausted claims – and hold it in abeyance while the petitioner

24

25       [1]   A habeas petition "shall not be granted unless it appears
26  that-- (A) the applicant has exhausted the remedies available in
    the courts of the State; or (B)(i) there is an absence of available
27  State corrective process; or (ii) circumstances exist that render
    such process ineffective to protect the rights of the applicant."
28  28 U.S.C. § 2254(b)(1).

1  returns to state court to exhaust unexhausted claims.  See <u>Rhines</u>
2  <u>v. Weber</u>, 544 U.S. 269, 277, 125 S. Ct. 1528, 1535, 161 L. Ed. 2d
3  440 (2005).  Fully unexhausted petitions, however – those in
4  which none of the claims have ever been presented to the state
5  supreme court – may not be stayed and held in abeyance.  See
6  <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) (decided
7  after <u>Rhines</u>).  Rather, they must be dismissed.  See <u>id.</u>; <u>Jiminez</u>
8  <u>v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001) (dismissing fully
9  unexhausted petition raising ineffective assistance of counsel
10  and other claims); <u>see also</u> <u>Roberts v. McDonald</u>, EDCV 10-873-AHM
11  (FFM), 2010 WL 2539762, at *3 n.2 (C.D. Cal. June 17, 2010)
12  (same, following <u>Rasberry</u>).

13      IT THEREFORE IS ORDERED that on or before **March 21, 2012**,
14  Petitioner shall show cause in writing why the Court should not
15  recommend that Petitioner's stay-and-abey motion be denied and
16  this action be dismissed without prejudice for failure to exhaust
17  state remedies.

18
19  DATED: <u>February 21, 2012</u>
20                                    JEAN ROSENBLUTH
                                      U.S. MAGISTRATE JUDGE
21
22
23
24
25
26
27
28

3